UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 23-cr-310 (DWF/DJF) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Mario Lazaro Santos-Hunter (1), | |
| Defendant. | |

---

This matter is before the Court on Defendant Mario Lazaro Santos-Hunter's Motion to Dismiss Count Three of the Indictment ("Motion to Dismiss") (ECF No. 19).[1] Count Three of the Indictment charges Mr. Santos-Hunter with being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (ECF No. 1.) Mr. Santos-Hunter argues this charge is unconstitutional under the Second Amendment, both facially and as applied to him, as interpreted in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). (ECF No. 19.) Although an "as applied" constitutional challenge is typically premature when brought as a pretrial motion, *see United States v. Turner,* 842 F.3d 602, 605 (8th Cir. 2016), the Court addresses it now because his arguments are foreclosed by binding precedent. *See United States v. Jackson*, 69 F.4th 495, 501–06 (8th Cir. 2023) (holding that section 922(g)(1) is constitutional as applied generally to all felons)). Mr. Santos-Hunter acknowledges that *Jackson* reaffirmed section 922(g)(1) is constitutional following the *Bruen* decision, but he nevertheless filed his Motion to Dismiss to preserve the issue for further review. (ECF No. 19 at 1.)

---

[1] During the motions hearing on December 29, 2023 (ECF No. 39), the parties agreed oral argument on the Motion to Dismiss was not necessary.

1

### A. Legal Standard

The Second Amendment states: "A well regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed." In D*istrict of Columbia v. Heller*, 554 U.S. 570, 602–03 (2008), the Supreme Court held that this language confers a limited individual right to keep and bear arms "for defensive purposes" within the home. Though *Heller* did not undertake an in-depth historical analysis of the permissible limitations on the right to keep and bear arms, it noted that "nothing in [the] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 626–27.

More recently, in *Bruen*, 142 S. Ct. at 2122, the Supreme Court extended *Heller's* holding, concluding that "ordinary, law-abiding citizens have a similar right to carry handguns publicly for their self-defense[.]" In reaching this conclusion, *Bruen* stated that the test for determining the constitutionality of a regulation limiting the right to possess or carry a firearm requires courts to survey the historical record to consider whether "historical precedent from before, during, and even after the founding evinces a comparable tradition of regulation." *Id.* at 2132 (internal quotation and citation omitted). To determine whether a regulation is sufficiently analogous, courts should focus on "how and why the regulations burden a law-abiding citizen's right to armed self-defense." *Id.* at 2133 (citations omitted). "[W]hether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified are central considerations" in this "analogical inquiry." *Id.* (internal citations and quotations omitted).

In *Jackson*, 69 F.4th at 501–06, the Eighth Circuit applied the precedent established in *Bruen* to 18 U.S.C. § 922(g)(1), which criminalizes possession of a firearm or ammunition for those "who [have] been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." The court deemed the statute constitutional, even as applied to individuals with "non-violent" convictions that do not necessarily demonstrate the individual is "more dangerous that the typical law-abiding citizen." *Jackson* emphasized that *Heller* expressly carved out "the longstanding prohibition on the possession of firearms by felons" from the right to bear arms in self-defense. *Id.* at 501 (quoting *Heller*, 554 U.S. at 626). *Jackson* further observed that *Bruen* itself repeatedly emphasized "that the Second Amendment protects the right of a '*law-abiding citizen*' to keep and bear arms." *Id.* at 503 (quoting *Bruen*, 142 S. Ct. at 2122, 2125, 2131, 2133-34, 2135 n.8, 2138, 2150, 2156) (emphasis added). Upon surveying the historical record, the *Jackson* court reasoned that "there is no requirement for an individualized determination of dangerousness to each person in a class of prohibited persons." *Id.* at 504. Instead, history demonstrates that legislatures typically "prohibited possession by categories of persons based on a conclusion that the category as a whole presented an unacceptable risk of danger if armed."[2] *Id.* These "legislatures traditionally possessed discretion to disqualify categories of people from possessing firearms to address a threat purportedly posed by these people to 'an orderly society and compliance with legal norms,' not merely to address a person's demonstrated propensity for violence." *Id.* at 503 (quoting *Range v. Att'y Gen.*, 53 F.4th 262, 281-82 (3d Cir. 2022)). The court concluded the statute was constitutional as applied to the defendant because he was "not a

---

[2] In reaching its conclusions, *Jackson* took guidance from the decision in *Range v. Att'y Gen.*, 53 F.4th 262 (3d Cir. 2022) (hereinafter, "*Range I*"), which a Third Circuit en banc decision overruled in *Range v. Att'y Gen.*, 69 F.4th 96 (3d Cir. 2023) (en banc) (hereinafter, "*Range II*").

3

law-abiding citizen, and history support[ed] the authority of Congress to prohibit possession of firearms by persons who have demonstrated disrespect for legal norms of society." *Id.* at 504.

### B. Mr. Santos-Hunter's Motion to Dismiss

Mr. Santos-Hunter concedes the Eighth Circuit has already held that section 922(g)(1) is constitutional. (ECF No. 19 at 1, 6.) Moreover, he makes the same arguments the *Jackson* court already considered and rejected. (*Id.* at 3-6.) It is black letter law that the Court is "bound … to apply the precedent of" the Eighth Circuit. *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003). Because the Eighth Circuit has held that section 922(g)(1) is constitutional, Mr. Santos-Hunter's arguments must be rejected. Accordingly, the Court recommends Mr. Santos-Hunter's Motion to Dismiss be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Mario Lazaro Santos-Hunter's Motion to Dismiss Count Three of the Indictment (ECF No. [19]) be **DENIED**.

Dated: January 5, 2024
*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).