# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                                 Criminal No. 23-310 (DWF/DJF)

          Plaintiff,

v.                                                        **ORDER ADOPTING REPORT**
                                                          **AND RECOMMENDATION**
Mario Lazaro Santos-Hunter,

          Defendant.


## INTRODUCTION

Defendant Mario Lazaro Santos-Hunter moves to suppress evidence obtained as the result of a search and seizure.  (Doc No. 33.)  In a Report and Recommendation ("R&R"), Magistrate Judge Dulce J. Foster recommended denying the motion.  (Doc. No. 102.)  Santos-Hunter filed an objection to the R&R.  (Doc. No. 105.)  The Government opposes the objection.  (Doc. No. 106.)  After an independent review of the record and objection, the Court adopts the Magistrate Judge's R&R.

## DISCUSSION

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b).  The relevant factual and procedural background for the above-entitled matter is clearly and precisely set forth in the Magistrate Judge's R&R and is incorporated by reference.

Magistrate Judge Foster previously ordered a *Franks* hearing to address whether the affidavit supporting the warrant to search Santos-Hunter's apartment contained false statements.  (Doc. No. 68 at 27-30.)  Specifically, Magistrate Judge Foster was concerned about a statement in the affidavit supporting the warrant that alleged that a drug-sniffing dog detected drugs during a sniff outside of Santos-Hunter's apartment.  (*Id.*)  A *Franks* hearing was held on May 21, 2024, after which Magistrate Judge Foster concluded that there was no *Franks* violation and, therefore, recommended that the motion to suppress be denied.  (Doc. No. 102 at 8, 17-20.)

Prior to the *Franks* hearing, Magistrate Judge Foster's concerns about the alleged sniff included:  (1) Deputy Altendorfer's failure to write a report about the sniff until over a month had passed; (2) the inconsistencies between Altendorfer's report and his in-court testimony about K9 Molly's detection behavior; (3) Altendorfer's failure to include the sniff in his log of K9 Molly's sniffs but his success logging a less significant sniff mere days later; (4) the lack of video or audio footage of the sniff; (5) the affidavit's failure to mention that Investigator Amberg was present at the sniff; (6) Amberg's testimony that he wrote a report but that he could not recall when he wrote it; (7) the lack of evidence about K9 Molly's fentanyl detection capabilities; and (8) Amberg's behavior during his testimony at the motions hearing.  (*Id.* at 7-8.)

In the R&R, Magistrate Judge Foster explained that the additional testimony and evidence presented during the *Franks* hearing eased her concerns that a *Franks* violation had occurred.  (*Id.* at 17.)  She found the following evidence particularly persuasive: (1) the corroborating testimony from Officer Cook who was present outside of the

apartment complex at the time of the sniff; (2) the text messages and phone records between Altendorfer, Amberg, and Cook identifying the address of the apartment; (3) the testimony of supervising Sergeant Jerome that Amberg informed her that he would be conducting a sniff with Altendorfer the day before; (4) Jerome's texts from the morning of the sniff detailing Amberg's plans to conduct a sniff; (5) the audit trail showing that Amberg created a report on the date of the sniff and that he filed it using a previous date; (6) the introduction of Amberg's report; and (7) Altendorfer's in-court testimony about K9 Molly's narcotics detection capabilities, which Magistrate Judge Foster found credible.  (*Id.* at 17-18.)

She concluded that the affidavit included no actionable falsehood, so there was no *Franks* violation.  (*Id.* at 19.)  After finding this, she further concluded that the affidavit established probable cause for the search warrant because a drug-sniffing dog's positive indication to the presence of a controlled substance is sufficient by itself to establish probable cause.  (*Id.*)  Thus, the warrant was valid under the Fourth Amendment because it was supported by probable cause.  (*Id.* at 19-20.)

Santos-Hunter does not object to the factual background of the R&R.  (Doc. No. 105 at 1.)  He only objects to Magistrate Judge Foster's conclusions.  (*Id.*)  First, he disagrees with Magistrate Judge Foster's interpretation of the evidence.  He asserts that there is a distinction between evidence showing that the police officers were at the apartment and evidence showing that K9 Molly alerted.  (*Id.* at 8.)  Second, Santos-Hunter argues that there are many contradictions in the record that Magistrate Judge Foster did not account for and that these contradictions should impact the credibility of

certain witnesses.  (*Id.* at 9-10.)  Lastly, Santos-Hunter argues that the explanation for the lack of body camera footage is unpersuasive.  (*Id.* at 11.)

The Court agrees with Magistrate Judge Foster that the evidence presented at the *Franks* hearing outweighs any concerns about the officers' deficient document practices. The testimony of Cook and Jerome, along with the text messages and phone records, all corroborate Amberg's statement in the affidavit about the sniff.  Altendorfer provided useful testimony about K9 Molly's drug detection skill as well.  While none of this additional evidence corroborated that K9 Molly detected drugs in Santos-Hunter's apartment, the evidence presented at the *Franks* hearing shows that a sniff was conducted and Molly had the ability to detect fentanyl, or at the very least cocaine, which was also found at the apartment.

Magistrate Judge Foster's reasons for ordering a *Franks* hearing are telling.  The concern over a *Franks* violation was not just because there was no video or audio footage of the sniff.  The concern arose from the significant lack of evidence and specificity from the two testifying officers at the first motions hearing.  At that point, the lack of evidence was significant.  At this stage, overwhelming evidence has been presented to support that the sniff did take place which supports the ultimate statement in Amberg's affidavit that K9 Molly detected a controlled substance in Santos-Hunter's apartment.

The contradictions that Santos-Hunter alleges are not true contradictions.  Santos-Hunter alleges that there are contradicting statements between the affidavit and Amberg and Altendorfer's testimony about who was present for the sniff.  The testimony and Amberg's report support that Altendorfer conducted the sniff and Amberg was present

for it, which does not contradict the affidavit.  The other contradictions merely address the irregular documentation practices of Altendorfer.  (*Id.* at 10.)  While Altendorfer's documentation practices are not best practices, they do not lead the Court to conclude that the sniff did not occur because there is other sufficient corroborating evidence.

Lastly, like Magistrate Judge Foster, the Court finds the officers' explanation of the lack of video or audio footage satisfactory.

Finding no *Franks* violation, the Court turns to whether the warrant was supported by probable cause.  Magistrate Judge Foster correctly explained that a drug-sniffing dog's positive indication to the presence of a controlled substance amounts to probable cause. Consequently, the warrant in this case was supported by probable cause.

The Court therefore adopts the Magistrate Judge's R&R and denies Santos-Hunter's supplemental motion to suppress.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Santos-Hunter's objection (Doc. No. [105]) to Magistrate Judge Dulce J. Foster's July 26, 2024 Report and Recommendation is **OVERRULED**.

2.      Magistrate Judge Dulce J. Foster's July 26, 2024 Report and Recommendation (Doc. No. [102]) is **ADOPTED**.

3.     Santos-Hunter's supplemental motion to suppress evidence obtained as a result of a search and seizure (Doc. No. [33]) is **DENIED**.


Dated:  October 7, 2024                        s/Donovan W. Frank
                                               DONOVAN W. FRANK
                                               United States District Judge